## JAMES CRAMER vs. FRED HEALEY.

### MARCH 28, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Actions. Amendments. Changing Form of Action.*
Gen. Laws, 1923, cap. 335, sec. 4, relating to amendments, does not permit the form of the action to be changed.

TRESPASS ON THE CASE. Heard on exception of defendant and sustained.

SWEENEY, J. This is an action of trespass on the case for deceit. The deceit alleged was that plaintiff was induced to paint a house on defendant's statement that he owned the house when, in fact, he did not own it. At the close of the testimony defendant moved for a directed verdict on the ground that there was no legal evidence of deceit. Plaintiff then moved for permission to amend his declaration by adding the common counts in assumpsit. The trial justice

granted plaintiff's motion and submitted the case to the jury on the counts in assumpsit. A verdict was returned for the plaintiff.

Defendant has brought the case to this court by his exceptions to the denial of his motion for a directed verdict and permitting plaintiff to change the form of his action from deceit to assumpsit.

Defendant's exceptions must be sustained. The trial justice correctly said there was no legal evidence of deceit and he should have granted defendant's motion for a directed verdict on this ground. *Cranston Print Works Co.* v. *A. T. & T. Co.,* 43 R. I. 88; 38 Cyc. 1565.

The trial justice erred in permitting plaintiff to amend his declaration at the close of the testimony by changing the form of the action from deceit to assumpsit. This ruling was contrary to our decisions that our statute relating to amendments (§4889, Gen. Laws 1923) does not permit the form of the action to be changed. *Slater* v. *Fehlberg,* 24 R. I. 574; *Dowling* v. *Clarke,* 13 R. I. 650; *Thayer* v. *Farrell,* 11 R. I. 305; *Wilcox* v. *Sherman,* 2 R. I. 540.

The plaintiff may appear before this court on the 4th day of April, 1927, at 10 o'clock, a. m., and show cause, if any he has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the defendant.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien,* for plaintiff.