ISADORE WOLF *vs.* S. H. WINTMAN CO.
CHARLOTTE S. WOLF *vs.* S. H. WINTMAN CO.
ISADORE WOLF *vs.* NARRAGANSETT BREWING COMPANY.
CHARLOTTE S. WOLF *vs.* NARRAGANSETT BREWING COMPANY.

JUNE 8, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. These four actions of trespass on the case for negligence were commenced April 7, 1958 by a husband and wife to recover damages for personal injuries sustained by the wife on October 2, 1953 and for consequential damages to her husband. Each case is before us on the exception of the plaintiff to the decision of the trial justice sustaining the defendant's demurrer to the plaintiff's replication to the special plea of the statute of limitations.

The plaintiff and her husband were the sole owners of a Rhode Island corporation which operated a retail liquor store in Providence. They were both officers and agents of the corporation. The corporation had purchased cases of beer from defendant S. H. Wintman Co., a wholesale distributor for defendant Narragansett Brewing Company, which had bottled the beer. On October 2, 1953 the plaintiff wife was injured by the explosion of a bottle of beer in her hands as she was lifting it from a case and was about to place it in a refrigerator.

On April 9, 1954 the instant plaintiff and her husband commenced actions in assumpsit in the superior court against the brewing company and its distributor to recover damages for injuries sustained by the wife and consequen-

tial damages to her husband. The actions were based on the breach of an alleged implied warranty of merchantable quality. In those cases the trial justice granted each defendant's motion for a directed verdict on the ground that the jury could not reasonably find for the plaintiffs in the absence of evidence of privity of contract between them and either defendant. The plaintiffs' exceptions to such verdicts were overruled by this court. See *Wolf* v. *S. H. Wintman Co.*, 87 R. I. 156, 139 A.2d 84.

Thereafter on April 7, 1958, more than two years after the injuries in question were sustained, plaintiffs commenced the instant actions against the same defendants. These actions, however, are based on negligence. The declarations allege in substance that the injuries sustained by the wife on October 2, 1953 were caused by the negligence of defendant brewing company in failing to properly bottle its product and by the negligence of defendant distributor in failing to provide plaintiffs with products of merchantable quality. The defendants filed pleas of the general issue and special pleas of the statute of limitations for personal injuries.

The plaintiffs filed replications to the plea of the statute of limitations alleging that "an action to recover said damages, under the identical set of facts, was commenced within two years from the date of the injury" and that "said action was terminated by a decision of the Rhode Island Supreme Court on February 27, 1958, in a manner other than by voluntary discontinuance, or other manner not arising from the plaintiff's fault or neglect and was not a final judgment on the merits and the present action is commenced within one year from such termination pursuant to the provisions of the General Laws of Rhode Island, 1956, Section 9-1-22."

The defendants demurred to said replications on the ground that the instant actions did not come within the purview of §9-1-22 so as to enable plaintiffs to avoid the

pleas of the statute of limitations. The pertinent provisions of §9-1-22 read as follows: "If any action which has been or shall be duly commenced within the time limited and allowed therefor, shall be abated or otherwise avoided or defeated * * * for any matter, * * * the plaintiff may commence a new action for the same cause, at any time within one (1) year after the abatement or other determination of the original suit as aforesaid * * *."

After careful consideration it is our opinion that §9-1-22 does not apply in the instant actions. The words "abated," "avoided" and "defeated" as used in said section refer to a decision adverse to a plaintiff which does not amount to a determination of such action upon the merits. *Sullivan* v. *John R. White & Son, Inc.*, 36 R. I. 488, 491. A new action cannot be maintained under §9-1-22 if the prior action was determined upon its merits. *Pesce* v. *Mondare*, 30 R. I. 247. In our opinion the trial justice's ruling sustaining defendants' demurrer to each replication was correct.

The judgments entered on the directed verdicts in the previous actions in assumpsit were final judgments on the merits in so far as those cases are concerned. Such judgments are res judicata as to all questions properly raised by the pleadings therein. 53 Am. Jur., Trial, §353, p. 283. There is no merit in plaintiffs' contentions that the effect of the judgments in those cases was merely that plaintiffs had brought the wrong form of action.

The fact is that the instant actions of negligence are new causes of action. They differ materially from the prior cases of actions in assumpsit. The essential elements in actions of negligence are distinctly different from those in assumpsit. Section 9-1-22 provides that in certain circumstances a plaintiff may commence "a new action for the same cause" at any time within one year after the abatement or other determination of the original suit. The instant actions are not "a new action for the same cause" within the meaning of said section. On the contrary they are clearly different

causes of action. Therefore we are of the opinion that the plaintiffs cannot avail themselves of the provisions of §9-1-22 so as to avoid the running of the statute of limitations in so far as the instant actions are concerned.

We have examined all of the authorities and cases cited by the plaintiffs but find that they are not in point.

In each case the plaintiff's exception is overruled, and each case is remitted to the superior court for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiffs.

*Sherwood & Clifford, Raymond E. Jordan, Kirk Hanson, E. Howland Bowen,* for defendants.