Joseph A. GALLO

v.

F.S. PAYNE ELEVATOR
COMPANY et al.

No. 90–320 Appeal.

Supreme Court of Rhode Island.

March 28, 1991.

Joseph J. McGair, Petrarca & McGair, Warwick, for plaintiff.

John W. Kershaw, Rice, Dolan & Kershaw, Providence, for defendants.

OPINION

PER CURIAM.

On March 4, 1991, the defendant F.S. Payne Elevator Company (Payne) appeared before this court to show cause why its appeal from the denial by a Superior Court justice of Payne's motion to amend its answer to the plaintiff's complaint should not be denied and dismissed.

On February 6, 1984, the plaintiff, Joseph A. Gallo (Gallo), was a teacher at Winman Junior High School in Warwick, Rhode Island. Gallo is a paraplegic as a result of wounds he sustained in the Vietnam War and to this day is confined to a wheelchair. On the day in question, Gallo received serious injuries when he was thrown forward out of his wheelchair while attempting to enter a school elevator. Apparently Gallo was unaware that a malfunction had caused the elevator to stop some eight to ten inches below the level of the floor from which Gallo sought entry onto the elevator.

In December 1986 Payne filed an answer to Gallo's complaint in which it admitted that it had manufactured the elevator in question. Later, in October 1988, Payne filed a motion to amend its answer. In its amended answer, Payne denied having manufactured the elevator in question, where previously it had admitted doing so. Counsel for plaintiff apparently never filed an objection to the motion to amend and argued that Gallo first became aware of the admission after talking to Payne's counsel. Consequently Gallo's counsel filed a motion to vacate any order granting defendant's motion to amend its original answer to a negative response.

Later a justice of the Superior Court, after a bench conference, ruled that he was exercising the discretion given him pursuant to Rule 12(f) of the Superior Court Rules of Civil Procedure and would treat Gallo's motion to vacate as a motion to strike. The trial justice then struck Payne's motion to amend but gave Payne leave to refile. Payne did refile, and in early January 1990 the trial justice again denied Payne's motion to amend its original answer on the grounds that the grant of such a motion would result in extreme prejudice to Gallo.

On appeal Payne argues that the trial justice abused his discretion. With this argument we are in agreement. Rule 15 requires that amendments to pleadings be freely allowed when justice so requires. We have frequently declared refusal to amend a defendant's answer to be an abuse of discretion. *See, e.g., Inleasing Corp. v. Jessup,* 475 A.2d 989, 992 (R.I.1984); *Kenney v. Providence Gas Co.,* 118 R.I. 134, 143, 372 A.2d 510, 514–15 (1977); *Ricard v. John Hancock Mutual Life Insurance Co.,*

113 R.I. 528, 540, 324 A.2d 671, 677 (1974). In the case at bar the motion to amend came well before the case had been assigned for trial. Ample opportunity existed for plaintiff to utilize additional discovery in order to probe the truth of defendant's amended answer. Although this appeal is taken from an interlocutory ruling, the refusal to allow the amendment would so strike at the defendant's ability to oppose the action as to make the trial a pro forma exercise.

Accordingly Payne's appeal is sustained, and the case is remanded to the Superior Court with directions to reinstate the amendment to the defendant's answer and for further proceedings.

SHEA, J., did not participate.