Roberta **MAINELLA**

v.

**STAFF BUILDERS INDUSTRIAL SERVICES, INC., et al.**

No. 91–382–Appeal.

Supreme Court of Rhode Island.

May 15, 1992.

Paul L. Harwood, Gemma Law Offices, Providence, for plaintiff.

Carolyn Mannis and Ann Paquin Swanborg, Adler, Pollock & Sheehan, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This negligence matter is before us as a result of an appeal by the plaintiff, Roberta Mainella (Mainella), of summary judgment granted in favor of the defendant Staff Builders Industrial Services, Inc. (Staff Builders). Additionally the trial justice granted Mainella's motion to amend her complaint to include an allegation of negligent hiring, training, and supervision. We affirm the granting of summary judgment but reverse the granting of amending Mainella's complaint.

On March 28, 1986, Frederick Dunlavey (Dunlavey) was a temporary employee in the maintenance department of J.T. Healy & Son Corporation (Healy). Healy gave credit for Dunlavey's employment application to Staff Builders, a placement agency, which paid Dunlavey's wages until November 10, 1986, when Dunlavey became a permanent employee at Healy. Although Dunlavey gives two versions in answer to the question of whether he approached

Staff Builders first or Healy first in order to secure employment, it is undisputed that Dunlavey was trained, supervised, and supplied with the requisite accouterments for his custodial duties by Healy. Moreover, Healy possessed the decision-making authority to accept Dunlavey's application and did so, although initially through Staff Builders on a trial basis.

On June 10, 1986, Dunlavey mopped the floor of a women's restroom on the Healy premises. Mainella, an employee of Healy, entered the restroom and fell, sustaining injuries for which she received workers' compensation benefits from Healy. Later Mainella initiated suit against Staff Builders for Dunlavey's alleged negligent custodial conduct. On March 29, 1991, Staff Builders filed a motion for summary judgment while Mainella filed for leave to amend her complaint to include a count alleging that Staff Builders was negligent in the hiring, training, and supervision of Dunlavey.

In granting summary judgment in favor of Staff Builders, the trial justice found that Staff Builders was not responsible for the actions of a borrowed servant as a matter of law and simultaneously granted Mainella's motion to amend her complaint. Mainella does not dispute the trial justice's finding that as a matter of law Staff Builders was not responsible for the actions of Dunlavey as a borrowed servant. Instead Mainella contends that the trial justice erred in granting, sua sponte, summary judgment in favor of Staff Builders because her decision precluded Mainella from conducting additional discovery relating to Mainella's amended count against Staff Builders that alleges negligent hiring, training, and supervision. We believe Mainella's argument is untenable.

 In this jurisdiction the amendment of pleading is governed by Rule 15 of the Superior Court Rules of Civil Procedure. Despite the fact that proposed amendments under this rule are permitted with great liberality, the final decision whether to allow or to deny an amendment rests within the sound discretion of the trial justice. *Dionne v. Baute*, 589 A.2d

833, 835–36 (R.I.1991); *Vincent v. Musone*, 572 A.2d 280, 282 (R.I.1990); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); *Order of St. Benedict v. Gordon*, 417 A.2d 881, 883 (R.I.1980); *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 540, 324 A.2d 671, 677 (1974). Reasons for denying leave to amend include undue prejudice, delay, bad faith, and failure to state a claim. *Faerber v. Cavanagh*, 568 A.2d 326, 329 (R.I.1990) (citing 3 Moore's *Federal Practice* ¶ 15.08(4) at 15–69–15–75 (2d ed.1988)). Absent an abuse of discretion, a trial justice's ruling on a motion to amend will not be disturbed by a reviewing court. *McVeigh v. McCullough*, 96 R.I. 412, 423–24, 192 A.2d 437, 444 (1963).

 Like the Federal Rule upon which it is predicated, Rule 15(c) provides a test in which a properly granted amendment shall relate back to the date of the original pleading. The parameters of this relation-back doctrine incorporate several underlying policies, not the least of which is to ameliorate the effect of the statute of limitations. *Siegel v. Converters Transportation, Inc.*, 714 F.2d 213, 216 (2d Cir.1983); 6A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1497 (1990). The test of relation back is whether the amended pleading alleges a matter that arises out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Super.R.Civ.P. 15(c). If the letter of the test of Rule 15(c) is satisfied, two additional conditions must also be considered. First, the new party must have received notice of the institution of the action before the limitations period expired, and second, the new party must have known or should have known that but for a mistake the action would have been brought against him or her.

Once satisfied, the amendment will relate back for purposes of the statute of limitations. As such, the amendment will effectively replace the original complaint so as to prevent the running of the limitations period from barring the claim or defense.

*See Gallo v. F.S. Payne Elevator Co.,* 588 A.2d 614 (R.I.1991).

■ This relation-back test is not whether the proposed amendment states a new "cause of action" if that term means a particular theory or form of action. Super.R.Civ.P. 15 reporter's notes. The Rule does not, as one court has stated, "permit lawyers to endlessly answer the question: How many causes of action can you find in this fact situation?" *Pendrell v. Chatham College,* 386 F.Supp. 341, 345 (W.D. Pa. 1974). On the contrary, the standard for establishing whether an amendment qualifies under Rule 15(c) is both an identity-of-transaction test and a determination of whether the opposing party has received notice regarding the claim or defense raised by the amended pleading. *Atlantis Plastics Corp. v. Sammons,* 558 A.2d 1062, 1065 (Del.Ch.1989). In this way a filing of an amended complaint involves the considerations of notice, liberalized pleading, relation back of the statute of limitations, and a finely honed interpretation of the phrases "cause of action" and "conduct, transaction or occurrence." Super.R.Civ.P. 15; *see Pendrell,* 386 F.Supp. at 346.

For example, in *Wolf v. S.H. Wintman Co.,* 91 R.I. 127, 161 A.2d 411 (1960), an amendment changing the theory of recovery from breach of warranty to negligence did not relate back for purposes of the statute of limitations. This court held that res judicata barred new suit in a situation in which the defendant was granted a directed verdict because of lack of evidence when a bottle exploded in a storeowner's hands. *Id.* at 130–31, 161 A.2d at 413. Similarly, a party who filed an action in deceit but was unable to prove deceit was not entitled to amend his complaint by adding common counts in assumpsit. *Cramer v. Healey,* 48 R.I. 183, 136 A. 763 (1927).

Mainella's original complaint alleged that Staff Builders was responsible for the negligent action of its employee Dunlavey when he mopped the women's room floor on the Healy premises. Staff Builders, a placement agency, was determined not to be liable for Dunlavey's conduct under the borrowed-servant rule. Nearly five years later, after the applicable three-year period of bringing suit for personal injury had expired,[1] Mainella sought to include an amended count against Staff Builders that alleged negligence in its hiring, training, and supervising of Dunlavey.

■ Although a motion for summary judgment does not usually foreclose a motion to amend a pleading, the converse of this rule applies here. *But see Babbs v. John Hancock Mutual Life Insurance Co.,* 507 A.2d 1347 (R.I.1986). In order to explain this statement, we must briefly delineate the two separate foundations upon which the trial justice based her decision. It is well settled that under the doctrine of *respondeat superior,* the act of the employee is imputed to the employer. *See, e.g., Morgan v. Lucaski,* 581 A.2d 714 (R.I. 1990). The borrowed-servant rule, however, severs the liability of an employer when the servant is lent to another employer or master. 53 Am.Jur.2d *Master and Servant* § 415 (1970). This second master, who exercises complete control over the servant, is liable for injuries to a person or property of third persons resulting from the acts of his or her employee, which are incidental to actions that an employer is hired to perform and are within the scope of employment. *Agostini v. W.J. Halloran Co.,* 82 R.I. 466, 111 A.2d 537 (1955). As long as the borrowing employer retains full control over the lent employee, the borrowing employer assumes liability for the employee's conduct, even though the original lending employer pays the employee's salary. *Burton v. Diamond Sand and Stone Co.,* 327 So.2d 95 (Fla.App. 1976). In contrast, when an employer is negligent in hiring or retaining an employee who is incompetent or unfit, such negligence typically consists either of hiring, supervising, or retaining an employee with the knowledge of his unfitness or of failing to use reasonable care to discover the unfitness. *See, e.g., Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's,*

---

1. *See* G.L.1956 (1985 Reenactment) § 9–1–14(b).

*Inc.*, 474 A.2d 436 (R.I.1984); Annot., 44 A.L.R.4th 620 (1986); Annot., 48 A.L.R.3d 359 (1973).

We observe that the liability of an employer in the negligent supervision or hiring of an unfit employee is an entirely separate and distinct basis from the liability of an employer under the doctrine of respondeat superior. See *Welsh Manufacturing,* 474 A.2d at 440 (quoting *DiCosala v. Kay,* 91 N.J. 159, 172–73, 450 A.2d 508, 515 (1982)).

We believe the trial justice erred in her decision granting the amending of Mainella's complaint because Mainella's amendment alleged a new action not arising out of the same occurrence as described in the original complaint and failed to put Staff Builders on notice of the substance of what was sought to be added by her amendment. Mainella's original complaint alleged negligence imputed to an employer on the basis of *respondeat superior;* the amended complaint alleges negligence in the hiring and supervision of the employee, a totally different occurrence. Permitting the exercise of the relation-back doctrine in this instance would deprive Staff Builders of the protection the statute of limitations intended to afford. Consequently the relation-back power under Rule 15(c) cannot be invoked in this instance to produce a result inconsistent with the Rule's remedial purpose.

Accordingly the plaintiff's appeal is denied, the entry of summary judgment in favor of the defendant is affirmed, and the order allowing the plaintiff to amend her complaint is reversed.