Steven J. MANOCCHIA

v.

NARRAGANSETT CAPITAL PARTNERS TELEVISION INVESTMENTS et al.

No. 93–566–M.P.

Supreme Court of Rhode Island.

June 5, 1995.

ing issues.

Charles Capace, Boston, MA, for plaintiff.

Mark P. Dolan, Rice, Dolan & Kershaw, Providence, Cynthia Resare, Bristol, William P. Robinson, III, Edwards & Angell, David W. Carroll, Roberts, Carroll, Feldstein & Peirce, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court following our grant of the plaintiff's petition for the issuance of a writ of certiorari. The plaintiff, Steven J. Manocchia (Manocchia), seeks review of a Superior Court order denying his motion to amend his complaint under Rule 15(c) of the Superior Court Rules of Civil Procedure. For the reasons that follow, we quash the order from which this appeal has been made.

The facts that are pertinent to this appeal are as follows. The plaintiff alleged that WPRI Channel 12 televised a videotape of him, without his consent, filmed while he was undergoing treatment at Rhode Island Hospital's Sleep Disorder Clinic (clinic) for a sleep disorder called sleep apnea. The videotape of Manocchia was made by defendant Dr. Richard Millman (Dr. Millman), director of the clinic, during an overnight stay at the hospital for medical and diagnostic purposes. The videotape depicted plaintiff as he slept at the clinic with electronic leads attached to his body. It included episodes of plaintiff suffering sleep-apnea attacks. The plaintiff was indeed diagnosed as suffering from sleep apnea and was treated accordingly. The videotape was subsequently broadcast in February of 1990 by defendant television station (WPRI Channel 12 or channel 12).

At the time of the broadcast, WPRI Channel 12 was developing a story featuring sleep disorders. In the course of preparing the story, channel 12's medical reporter, Deborah Ferraro (Ferraro), also a defendant, interviewed Dr. Millman and obtained a copy of the diagnostic tape of plaintiff, which had been made three years earlier. The videotape of Manocchia was released to Ferraro by Dr. Millman, without plaintiff's consent or knowledge, on the condition that channel 12 edit the tape electronically so that plaintiff's face would not be identifiable. Ferraro agreed to obscure the face of any patient by placing a "blot" over the patient's face.

On February 6, 1990, WPRI Channel 12 broadcast the story on sleep disorders. Earlier that evening, prior to the news program featuring this segment on sleep disorders, plaintiff was at home watching television when he saw a brief promotion for the sleep-disorders story that featured a few seconds of the videotape of plaintiff taken in 1987. Manocchia recognized himself because his face was not concealed. He immediately telephoned the television station and spoke with defendant Walter Cryan (Cryan), channel 12's news director. The plaintiff informed Cryan that channel 12 did not have permission or consent to broadcast the videotape, and he implored this defendant not to air the videotape on the station's news program later that evening. In spite of plaintiff's request, the entire sleep-disorder feature ran on channel 12's evening news program. The plaintiff's face was not concealed.

As a result of the broadcast of this videotape, plaintiff alleged that he suffered humiliation, anxiety, and severe emotional distress. The plaintiff filed a timely complaint in Providence County Superior Court on December 11, 1992, against defendants Narragansett Capital Partners Television Investments (Narragansett Capital), Limited Partner of Narragansett Television Limited Partnership, Ferraro, John Woodin, Cryan, Dr. Millman, and Rhode Island Hospital (RIH). The plaintiff's original complaint included claims under the Confidentiality of Health Care Information Act, G.L.1956 (1987 Reenactment) § 5–37.3–4, as amended by P.L.1992, ch. 427, § 1, the Right to Privacy Act, G.L.1956 (1985 Reenactment) § 9–1–28.1, and for intentional infliction of emotional distress.

On July 19, 1993, plaintiff filed a motion to amend his complaint, adding counts of negligence against defendants RIH and Dr. Millman. The defendant RIH filed an objection to plaintiff's motion to amend, and after a hearing the trial justice denied the motion. The trial justice stated that he did not "think this [was] a justifiable case for amending the complaint to add * * * counts, especially

since the Statute of Limitations has run on the issue of negligence." On October 25, 1993, plaintiff filed a petition for a writ of certiorari.

The sole issue on appeal is whether the trial justice erred in denying plaintiff's motion to amend his complaint and precluding its relation back pursuant to Rule 15(c) of the Superior Court Rules of Civil Procedure. In seeking reversal of the denial of his motion, plaintiff first argues that defendants RIH and Dr. Millman would not be prejudiced by the amended complaint. He reasons that since the motion to amend was made at an early stage of discovery and both RIH and Dr. Millman were defendants in the original complaint, as well as the fact that the factual allegations for a claim of negligence are identical to the other theories listed in his original complaint, that neither defendant is therefore prejudiced.

Second, plaintiff contends that since the amended complaint does not seek to alter any of the factual allegations, it therefore relates back to the original complaint pursuant to Rule 15(c). It is for these two reasons that plaintiff argues that the trial justice erred in denying his motion to amend his complaint.

The hospital contends that the trial justice ruled correctly in denying the motion to amend, arguing that plaintiff had sufficient opportunity to state a claim of negligence in his original complaint and was unreasonable in delaying his filing of an amended complaint until after the statute of limitations had run. In addition, this defendant argues that the amendment raised a new cause of action, which is separate and distinct from the claims alleged in plaintiff's original complaint. The defendant contends that the amended complaint does not meet the standards set forth in Rule 15(c) in order for the claim to relate back to the original complaint. We disagree.

■ Rule 15 governs the amendment of pleadings in civil actions. It is well settled in Rhode Island that amendments under this rule are allowed with liberality. However, we note that the final decision whether to allow the amendment rests within the discretion of the trial justice and will not be disturbed unless it constitutes an abuse of discretion. *Mainella v. Staff Builders Industrial Services, Inc.*, 608 A.2d 1141 (R.I.1992); *Dionne v. Baute*, 589 A.2d 833 (R.I.1991); *Order of St. Benedict v. Gordon*, 417 A.2d 881 (R.I.1980).

We begin our analysis by pointing out that plaintiff appears to rely solely on Rule 15(a) and argues that this court has consistently held that Rule 15(a) permits amendments absent a showing of extreme prejudice by the party in opposition to the motion. The plaintiff argues only by inference that his proposed amendment related back to the date that he filed the original complaint pursuant to Rule 15(c). It is Rule 15(c) that is dispositive in this case.

■ It is undisputed that plaintiff sought to amend his complaint to add counts of negligence more than three years after the date of the unconsented broadcast. In order to toll the three-year statute of limitations and have his negligence counts relate back to his original complaint, plaintiff must meet the criteria set forth in Rule 15(c). Rule 15(c) reads as follows:

> "*Relation Back of Amendments*. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party would not be prejudiced in maintaining his or her defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

■ The defendant argues that Rule 15(c) does not apply in this matter because the negligence claim raises an entirely new cause of action that is separate and distinct from the claims alleged in plaintiff's original com-

plaint. We disagree. An interpretation of Rule 15(c) in 1 Kent, *R.I.Civ.Prac.* § 15.6 at 154 (1969), favors the application of the relation-back principle to an amendment *even* if it changes the theory of recovery or the type of relief sought. As Professor Kent notes, and we agree, all that is required is an identity of the conduct, transaction, or occurrence.

In *Mainella* this court set forth a test to be applied in determining whether the relation-back rule applies to an amendment adding a new theory of liability. We said that the test for establishing whether an amendment qualifies under Rule 15(c) is the so-called identity-of-transaction test and whether the opposing party had prior notice of the new claim. 608 A.2d at 1144. In *Mainella* the new claim did not relate back because it alleged a new action not arising out of the same occurrence as the original complaint *and* failed to put the defendant on notice. *Id.* at 1145. It appears that the determining factor is whether there is notice that a new claim might be asserted. It is interesting to note that the position taken by this court coincides with the federal rule upon which Rhode Island's Rule 15(c) is patterned. 6A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1497 (1990).

The defendant mistakenly relies on *O'Loughlin v. National Railroad Passenger Corp.*, 928 F.2d 24 (1st Cir.1991), in its assertion that a new claim will not be allowed if it was not suggested in the original complaint. In *O'Loughlin* the original complaint asserted a claim for injuries occurring on August 6, 1987, as a result of a work-related accident. An amended complaint was filed changing the date to June 8, 1987. However, the amended date of June 8, 1987, referred to an entirely different accident from the one in the original complaint. The court held that the defendants did not have adequate notice of two separate accidents from the original complaint and, therefore, the amendment did not relate back. *Id.* at 26. The court said:

> "Rule 15(c) confines inquiry to the fact situation 'set forth or attempted to be set forth' in the original complaint. If the original complaint, as here, specifies an entirely different factual situation from the amendment, it cannot be said even 'to attempt' to set forth the latter." *Id.* at 27.

In this case the factual situation in the original complaint remains the same, and we hold that defendants had fair notice.

The defendant argues, however, that it had no notice of plaintiff's negligence claim and would be prejudiced by shifting its defense in midstream. That argument is without merit. On or about March 1, 1993, some four months prior to plaintiff's motion to amend, defendant RIH propounded interrogatories to plaintiff and specifically addressed the issue of negligence by this defendant. It is crystal clear that this defendant anticipated plaintiff's negligence claim by way of its own discovery. This defendant cannot now claim prejudice for lack of notice.

In addition, the instant case is still in the early stages of discovery. The defendants are not being forced to defend a new theory of liability at the eleventh hour. It seems evident that but for mistake plaintiff would have pled negligence in his original complaint and that the two-part test set forth in *Mainella* has been met. As a result the relation-back rule does apply, and plaintiff's claim of negligence should be allowed.

The defendant also asserts that the amendment to add the count of negligence in the case represents a separate and distinct claim. The claim of negligence certainly presents a new legal theory but one that is not fatal to the amendment. Rule 15(c) allows for adding new and distinct claims as long as they arise out of the same conduct, transaction, or occurrence as the original pleading. In this case, the negligence claim is being asserted by the same plaintiff against the same defendants, and the new claim of negligence arises out of the same conduct, transaction, or occurrences set forth in the plaintiff's original complaint.

For all these reasons the plaintiff's petition for certiorari is granted, the order of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

BOURCIER, J., did not participate.