DECISION
Before this Court is Plaintiffs' Motion to file a ninth amended complaint to amend their Class Action Complaint, which was filed in February of this year. Plaintiffs seek to amend their eighth amended complaint to include facts concerning their Consent-to-Rate-Discount Claim that they allege were unknown to them until after their Eighth Amended Complaint had been filed. Defendants have filed objections to this motion and this Court heard oral arguments in early May of 2008.
 Facts Travel
The instant matter, which was originally filed in 2002, is a claimed class action against Beacon Mutual Insurance Co. ("Beacon"), the state-chartered workers' compensation insurance provider, and other Defendants, for alleged injuries to Beacon's policy holders. The Court has had occasion in prior written decisions to detail the facts which gave rise to this matter and will supplement pertinent facts as necessary for the *Page 2 
purpose of this decision.[1] In order to aid in achieving class action status, Plaintiffs have filed a Motion to Amend their Eighth Amended Complaint, substituting in its place a Ninth Amended Complaint.
Plaintiffs' proposed Ninth Amended Complaint would add and remove several Plaintiffs as well as remove a Defendant. The complaint would also represent a shift in legal theories. Whereas the Eighth Amended Complaint alleged several areas of wrongdoing, the most recent complaint focuses on the allegation that Beacon diverted over $101 million in profits to a small percent of its policyholders in the form of lower insurance rates rather than distributing these premium savings equally among all policyholders. Ninth Amended Complaint ¶ 28; seeObjection of Beacon to Motion to Amend Complaint ("Defendants'Memo") at 2.
 Standard of Review
Motion to Amend
Under Super R. Civ. P. Rule 15, this Court has the discretion to grant leave and allow a party to amend its pleadings. In fact, such amendments are granted "freely . . . when justice so requires." (Super. R. Civ. P. Rule 15). "Despite the fact that the proposed amendments under [Rule 15] are permitted with liberality, the final decision whether to allow amendments rests with the discretion of the trial justice." Order of St.Benedict v. Gordon, 417 A.2d 881, 883 (R.I. 1980) citing Kenney v.Providence Gas Co., 372 A.2d 510 (R.I. 1977). The issue of prejudice to the non-moving party is central in determining whether an amendment should be granted. See Faerber v. Cavanagh, 568 A.2d 326 (R.I. 1990). The burden of establishing prejudice, however, falls on the non-moving party. See Wachsberger v. Pepper, 583 A.2d 77 (R.I. 1990). *Page 3 
 Analysis
Rule 15(a) of the Rhode Island Superior Court Rules of Civil Procedure ("Amended and supplemental pleadings") provides:
 A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. R.I. Super. Ct. R. Civ. P. 15(a).
The pertinent part of this rule is found in the second sentence, whereby the trial court is permitted discretion to grant amendments. See Faerberv. Cavanaugh, 568 A.2d 368 328 (R.I. 1990). The Rhode Island Supreme Court has "consistently interpreted Rule 15(a) to allow trial justices to grant amendments to the pleadings liberally if justice so requires."Faerber, 568 A.2d at 328-29 (R.I. 1990). The reason for this liberal approach is "to facilitate the resolution of disputes on their merits rather than on blind adherence to procedural technicalities."Wachsberger v. Pepper, 583 A.2d 77 (R.I. 1990) (citing Inleasing Corp v.Jessup, 475 A.2d 989 992).
Reasons for denying an amendment "include undue prejudice, delay, bad faith, and failure to state a claim." Mainella v. Staff Builders Indus.Servs., 608 A.2d 1141, 1143 (R.I. 1992) (citing Faerber,568 A.2d at 329). "Precise delineation of when an amendment will be allowed is impossible because the grant or denial of leave to amend is a matter within the discretion of the trial court." 6 Wright Miller,Federal Practice and Procedure § 1484 at 594-95 (1990). On appeal, a "trial justice's ruling on a motion to amend will not be disturbed" unless the ruling is an abuse of discretion. Mainella, 608 A.2d at 1143.
Relation Back and Substantial Prejudice
Like the Federal Rule upon which it is predicated, R.I. Super. Civ. P. R. 15(c) provides a test in which a properly granted amendment shall relate back to the date of *Page 4 
the original pleading. "The parameters of this relation-back doctrine incorporate several underlying policies, not the least of which is to ameliorate the effect of the statute of limitations." See Mainella v.Staff Builders Ind. Svcs. Inc., 608 A.2d 1141, 1143 (R.I. 1992) citingSiegel v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d Cir. 1983); 6A Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 1497 (1990). Specifically, relation back test is "whether the amended pleading alleges a matter that arises out of the same `conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Id. citing Super. R. Civ. P. R. 15(c).
Plaintiffs assert in their memoranda that they have satisfied the requisite relation back tests found in Rule 15(c). Specifically, they allege that the amended complaint relies on the previously argued grounds that the consent to rate discount claims "arose out of the conduct . . . set out — or attempted to be set out — in the original pleading." Plaintiff's Memo. at 2-3, citing Super. R. Civ. P. R. 15(c).
The Plaintiffs further cite Rule 15(d) for support, arguing that it authorizes the Court to "permit [them] to serve a supplemental pleading, setting forth transactions or occurrences or events which have happened since the date [after their eighth amended complaint]." Id. Plaintiffs argue that they were unaware of Beacon's conduct, the alleged illegal consent to rate discounts given during 2002-2005, until after their eighth amended complaint had been filed with the Court. In fact, it was the Market Conduct Examination issued by the Department of Business Regulation which brought this conduct to the Plaintiffs' attention. The late disclosure of this information, Plaintiffs argue, should not foreclose their opportunity to include them in the form of amended pleadings. *Page 5 
It strikes the Court, however, that the issue of relation back centers on the potential prejudice that Defendants argue they will suffer with regard to attorney's fees. Through memoranda and oral argument, Defendants assert that they will be substantially prejudiced should this Court grant the Plaintiffs' Motion to Amend their Complaint absent the Court's limitation on an award for attorney's fees and costs on the claims previously brought in the eight prior complaints in this matter.
"As a general rule, the risk of substantial prejudice increases with the passage of time. . . . Delay in moving to amend also increases the risk that the opposing party will not have an adequate opportunity to prepare his case on the new issues raised by the amended pleading."See id. citing 6 Wright, Miller, Kane, Federal Practice and Procedure:Civil 2d § 1488 at 670-71 (1990). Those concerns are not raised in the instant matter. In fact, the Defendants have been on notice of these potential claims from the outset of this litigation. The Plaintiffs, however, were not privy to the information that lead to the instant motion until about the time of the issuance of said Market Conduct Examination Report shortly before moving the Court for leave to file their putative ninth amended complaint.
Defendants argue that the Ninth Amended Complaint is essentially a new complaint. Noting that Plaintiffs seek "attorneys fees, cash disbursements, prejudgment interest and costs," they contend that it would be unjust if this substantially-altered lawsuit were dated from the original filing date. Should Plaintiffs prevail, Defendants might be exposed to litigation costs and prejudgment interest dating back to 2002, when this complaint existed in a much different form.
Alone, the fact that Defendants could be subjected to additional litigation costs for unrelated, earlier complaints, does not necessarily mean the Court must deny Plaintiff's Motion to Amend. To begin, it is not certain that all of the costs Defendants *Page 6 
cite — and in particular, prejudgment interest — would be calculated from the date of the original filing. Our Supreme Court has suggested that where a delay in litigation is caused by a plaintiff, a court may choose not to award prejudgment interest. See, e.g., Martin v.Lumberman's Mut. Casualty Co., 559 A.2d 1028, 1030 (R.I. 1989).
Furthermore, prejudgment interest is assessed "at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued." G.L. 1956 § 9-21-10(a). A cause of action does not begin to accrue "until an injured party has a right to seek relief in court."Cardi Corp. v. State, 561 A.2d 384, 387 (R.I. 1989). The Ninth Amended Complaint alleges that Plaintiffs did not receive a "consent-to-rate" discount from September 26, 2001 to March 22, 2006. See Ninth Amended Complaint, ¶ 4-9. Thus, most of the wrongdoing alleged in the new complaint occurred after the first filing in 2002. Arguably, prejudgment interest would not be assessed back to 2002, but to the dates when Defendants failed to grant the rate discounts.
Even if, by granting the amendment, the Court exposed Defendants to attorney's fees, prejudgment interest, and other costs dating back to 2002, it is necessary to consider whether this would qualify as "extreme" prejudice of the type required for a court to deny a motion to amend. See RICO Corp. v. Town of Exeter, 836 A.2d 212, 217 (R.I. 2003). Certainly, Defendants would experience some prejudice or hardship. Courts have found that "repeated attempts at amendment may justify denial." Mullen v. Alarmguard of Delmarva, Inc., 625 A.2d 258, 263 (Del. 1993) (citation omitted); see also Feldman, 850 F.2d at 1225 (Federal Rule 15 "is not a license for carelessness. . . ."); Foman v.Davis, 371 U.S. 178, 182 (U.S. 1962) (noting that "repeated failure to cure deficiencies by amendments previously allowed" is grounds for denying an amendment); Hayes v. New England Millwork Distributors,602 F.2d 15, 19-20 ("[C]ourts may not deny an amendment solely because of delay" but they may place *Page 7 
"the burden on the movant to show `valid reason for his neglect and delay.'") (citation omitted).
On the other hand, permitting Plaintiffs to amend at this stage does not appear to reduce Defendants' ability to defend this suit. Courts denying motions to amend have often done so because the proposed amended complaint would complicate litigation at the last minute. Plaintiffs, for instance, are not seeking to amend their complaint on the eve of trial, after a lengthy discovery process has already concluded.See, e.g., Feldman v. Allegheny International, Inc., 850 F.2d 1217, 1225
(7th Cir. 1988) (refusing to grant an amendment where change of legal theories shortly before trial would require additional discovery, cause delay, and drive up costs). In fact, the Motion to Amend, rather than complicating this litigation, actually reduces it by eliminating legal theories.
Plaintiffs merely point out that a determination of fees and costs at this point would be an advisory opinion that this Court need not and should not issue.[2] Rather, recovery of fees and costs may be determined at the close of this matter. This Court agrees and will leave any such determinations for a later date. Allowing the Plaintiffs to amend their complaint at this time, in this Court's view, would not expose Defendants to substantial prejudice and additional costs in litigating this matter.
Futility
Defendants next argue that the Motion to Amend should be denied because the claims alleged in the Ninth Amended Complaint would fail, as a matter of law, rendering the Motion futile. A common situation in which a motion to amend is not granted is where the complaint would be moot or barred by res judicata. See Merrimack Street Garage, Inc. v.General Motors Corp., 667 F. Supp. 41, 45 (D.N.H. 1987); but seeMedeiros v. Cornwall, 911 A.2d 251, 254-255 (R.I. 2006) (overturning motion justice's *Page 8 
denial of a motion to amend where motion justice had granted motion for summary judgment and then determined that motion to amend was moot). However, courts have also held that if an amended complaint "could not withstand a motion to dismiss, then the amendment should be denied as futile." See 6 Wright Miller, Federal Practice and Procedure § 1487 at 643; Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983).
In the instant matter, Defendants argue that Plaintiffs' new "consent-to-rate" theory fails to state a claim upon which relief can be granted because all insurance disputes involving rate-setting must be entertained by the Department of Business Regulation. Defendants'Objection at 4. Defendants state that "`it is quite clear that the legislature intended that disputes regarding the rate setting and conduct of insurance companies to be resolved in an administrative forum.'" Id. at 4-5 (quoting Heritage Healthcare Servs. v. Beacon Mut.Ins. Co., 2005 R.I. Super. LEXIS 140 (August 29, 2005) at *9).
Defendants note that the "consent-to-rate" language in the Ninth Amended Complaint is in Beacon's charter, which is part of state law.See P.L. 2003, Ch. 410 s11(d)(2). They argue that because the "consent-to rate" language is in the same statute as language pertaining to "lowest possible price" — which the Court already determined must be enforced by an administrative forum — that the consent-to-rate theory must also be enforced in an administrative forum. See Defendants'Objection at 5.
The Court is not satisfied that Defendants have established a showing of futility in this matter. Rather, the Court is satisfied that the Plaintiffs' claims that the wrongful treatment accorded to friends and favored policyholders raises issues transcending "disputes regarding the rate setting and conduct of insurance companies." Heritage HealthcareServs. v. Beacon Mut. Ins. Co., 2005 R.I. Super. LEXIS 140 (August 29, 2005) at *9. *Page 9 
 CONCLUSION
Because this Court finds this Motion (1) will not result in substantial prejudice to the Defendants and (2) has not been shown to be futile, the Plaintiffs' Motion to Amend their Complaint is granted. Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] See Heritage Healthcare Svcs. Inc. v. A. Michael Marques etal., 2007 R.I. Super LEXIS 112 (Aug. 9, .2007); Heritage HealthcareSvcs. Inc. v. Beacon Mut. Ins. Co., 2005 R.I. Super. LEXIS 140 (August 29, 2005); Heritage Healthcare Svcs. Inc. v. Beacon Mutual Ins. Co. etal., 2007 R.I. Super. LEXIS 61 Apr. 17, 2007.
[2] Of course, the Superior Court is without authority to issue advisory opinions.