Denise M. Auger, Asst. City Sol., for City of Woonsocket, for defendant.

Wasyl **KUCZER**

v.

**CITY OF WOONSOCKET.**

81–374–Appeal.

Supreme Court of Rhode Island.

March 6, 1984.

OPINION

PER CURIAM.

This is a 1975 Superior Court civil action in which the plaintiff, Wasyl Kuczer, sought injunctive relief after receiving notice from the city of Woonsocket (the city) that his employment was being terminated.

Earlier, in September 1972, plaintiff had been injured while at work and, as a result, received certain benefits from the city until he returned to work. Subsequently, in August 1975, his employment was terminated,

and he initiated this litigation. A month later a consent decree was entered permitting the employee to regain his employment status pending disposition of this controversy. When the case finally came on for trial in January 1980, the trial justice continued the case, eventually permitting the city to amend its answer by including as a defense plaintiff's failure to follow various grievance procedures set forth in both the collective-bargaining agreement entered into by the city and plaintiff's union and the city's personnel code. The case came on for trial again in April 1981, and after a hearing plaintiff's action was dismissed because of his failure to exhaust his administrative remedies.

The sole issue in this appeal is whether the trial justice abused his discretion in allowing the amendment. The answer is no because amendments to pleadings are to be allowed with great liberality absent a showing of extreme prejudice, and there has been no such showing. *Kenney v. Providence Gas Co.,* 118 R.I. 134, 372 A.2d 510 (1977); *Ricard v. John Hancock Mutual Life Insurance Co.,* 113 R.I. 528, 324 A.2d 671 (1974); *Wilkinson v. Vesey,* 110 R.I. 606, 295 A.2d 676 (1972); 1 Kent, *R.I.Civ. Prac.* § 8.6 at 87 (1969).

The plaintiff's appeal is denied and dismissed.