Rachel BABBS

v,

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY and Fleet National Bank.**

**No. 83–358–Appeal.**

Supreme Court of Rhode Island.

April 22, 1986.

Harold H. Winsten, Feiner & Winsten, Providence, for plaintiff.

William R. Grimm, Hinckley, Allen, Tobin & Silverstein, Robert D. Parrillo, Hanson, Curran & Parks, Providence, for defendants.

James Marusak, Providence, for Fleet Nat. Bank.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by the plaintiff, Rachel Babbs, against the defendants, John Hancock Mutual Life Insurance Company (John Hancock) and Fleet National Bank (Fleet), seeking to recover proceeds from a mortgage-insurance contract, and restraining defendant Fleet from requiring further payments from the plaintiff as well as foreclosure on the mortgage.

The defendant Fleet filed a motion for summary judgment. While the trial justice was considering defendant Fleet's motion, plaintiff moved to amend her complaint. The trial justice denied plaintiff's motion to

amend and instead granted Fleet's motion for summary judgment. Thereupon, the trial justice entered judgment for defendant Fleet pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.

The pertinent facts are as follows. The plaintiff filed a complaint in the Providence County Superior Court that alleged that on June 25, 1982, plaintiff and her husband, Levert Babbs, executed a promissory note to Fleet in the amount of $15,000, payment of which was secured by a mortgage on certain real estate owned by the Babbs.

The plaintiff alleged that on or about July 6, 1982, she and her husband executed an application form for mortgage life insurance and forwarded it to Fleet, which in turn forwarded it to John Hancock. The plaintiff further stated in her complaint that she and Mr. Babbs made two additional premium payments to Fleet, each in the sum of $27, on August 1, 1982, and September 1, 1982.

The plaintiff alleges that her husband's mortgage-insurance application was denied on August 5, 1982 and that on or about that date Fleet was notified that the application for insurance coverage had been denied. However, plaintiff claims that Fleet failed to notify her and her husband that insurance coverage had been denied.

Subsequent to her husband's death, plaintiff filed a claim for benefits. On September 29, 1982, Fleet notified plaintiff that her application had been rejected. On the same day, John Hancock telephoned plaintiff and informed her that the company was denying her claim.

The plaintiff claims that Fleet failed to procure mortgage-lifeinsurance coverage after she and her husband had completely performed their contractual obligations, and that once Fleet had been informed of the denial of the credit life-insurance application, it negligently failed to inform plaintiff and her husband, thereby preventing them from obtaining insurance coverage elsewhere.

In response to the aforementioned allegations, Fleet asserted that it was not acting as an agent for John Hancock and therefore had no obligation to inform plaintiff of the insurance-coverage denial. Fleet states that the tendered premium payments were placed in an escrow account to be applied in the event that John Hancock accepted the application. Further, Fleet asserted that its employees made no representations to bind insurance coverage for plaintiff and her husband. Consequently, Fleet's position is that it had no contractual obligation to bind or procure credit life insurance for the Babbs, and, moreover, that the express terms of the credit-life-insurance application and the truth-in-lending disclosure form clearly indicated that no duty arose merely from Fleet's taking the insurance application. Fleet tendered to plaintiff all prepaid premiums. Mrs. Babbs then brought this action.

Meanwhile, on April 8, 1983, prior to completion of discovery, Fleet moved for summary judgment. After hearing, the trial justice granted Fleet's motion for summary judgment and denied plaintiff's motion to amend the complaint. The plaintiff now appeals.

On appeal plaintiff raises three issues, namely,

1. Whether it was an abuse of discretion to deny a motion to amend when it was submitted after defendant moved for summary judgment.

2. Whether the granting of the motion for summary judgment was proper in the circumstances.

3. Whether the trial justice abused his discretion in entering judgment pursuant to Rule 54(b).

However, since the first issue will be dispositive of this case, we do not need to address the other issues.

The plaintiff's first contention on appeal is that the trial justice erred in denying her motion to amend. Rule 15(a), plaintiff maintains, allows a party to amend the pleadings as a matter of course at any time before a responsive pleading is served; or

if it be one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days of its being served. Rule 15(a) further provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Although leave to amend a pleading lies within the sound discretion of the trial justice, *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 324 A.2d 671 (1974), we have consistently held that said amendments should be granted liberally where there is present no showing that to allow so would materially prejudice the interests of the other party. *Kenney v. Providence Gas Co.*, 118 R.I. 134, 372 A.2d 510 (1977); *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 324 A.2d 671 (1974). As recently as 1984 this court noted that "liberality in allowing amendments is to be favored." *Inleasing Corp. v. Jessup*, 475 A.2d 989, 992 (R.I. 1984).

In the instant case, plaintiff's original complaint contained counts against Fleet in its capacity as agent for John Hancock. Consequently, plaintiff sought permission to amend the complaint to add counts against Fleet in its individual capacity.

The trial justice, in denying plaintiff's request to amend the complaint, was apparently acting pursuant to an erroneous assumption that once a party moves for summary judgment, a Rule 15(a) motion to amend is foreclosed. However, this is not the case. We have held that even after entry of a final judgment, amendments to the pleadings may be granted. *Inleasing Corp. v. Jessup*, 475 A.2d at 992.

A thorough reading of the record reveals that there was no compelling reason not to grant the plaintiff's motion to amend the pleadings. The addition of Fleet individually would not have substantially changed the theory of liability, nor would it have surprised or in any way prejudiced

Fleet. Clearly, the burden in such matters is upon the party opposing the motion to show that it would incur substantial prejudice if the motion were granted. This Fleet has failed to do.

We therefore conclude that the trial justice abused his discretion in denying the plaintiff leave to amend her complaint. The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.