Janina WACHSBERGER

v.

**William PEPPER et al.**

**No. 89–347–Appeal.**

Supreme Court of Rhode Island.

Dec. 6, 1990.

James P. Flynn, North Kingstown, for plaintiff.

Kelly M. Fracassa, Joseph T. Turo, Nardone, Turo & Naccarato, Westerly, Francis A. Fox, Patrick McKenney, McKenney & Collins, Wakefield, for defendants.

OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the plaintiff's appeal from a Superior Court order denying the plaintiff's motion for leave to file an amended complaint. We reverse.

The case concerns an ownership dispute over an improved parcel of real estate located in Westerly, Rhode Island. In 1975 the real estate was purchased by William and Marie Pepper, defendants in this appeal. In 1978, the Peppers began experiencing financial difficulties and approached Janina Wachsberger, Mrs. Pepper's aunt and plaintiff in this appeal, for assistance. That same year the Peppers and Wachsberger entered into a purchase-and-sale agreement whereby a 25 percent interest in the real estate would go to Wachsberger in return for certain monetary payments. This transfer was duly recorded in the Westerly Land Evidence Records. The Peppers retained a 50 percent interest in the real estate. The remaining 25 percent

interest in the real estate was held by Helen Tenev, a codefendant in this appeal. Tenev is Mrs. Pepper's mother and also Wachsberger's sister.

In 1979 the Peppers executed a second purchase-and-sale agreement with Wachsberger, transferring their remaining 50 percent interest in the real estate to Wachsberger in exchange for monetary payments and her assumption of certain mortgage obligations. A warranty deed for this transfer was prepared and signed but was not to be recorded until Wachsberger completed her obligations under the agreement. In April 1980 the warranty deed was recorded in the Westerly Land Evidence Records, allegedly without the consent of the Peppers.

In October 1980 the Peppers and Tenev instituted suit against Wachsberger, claiming a breach of the 1979 purchase-and-sale agreement and a wrongful conversion of the warranty deed. Wachsberger failed to answer or personally appear to defend against the allegations contained in the complaint. Subsequent to an oral offer of proof by Mr. Pepper, the trial justice entered a default judgment against Wachsberger in July 1981. The default judgment granted the Peppers and Tenev compensatory and punitive damages as well as a rescission of the 1979 purchase-and-sale agreement.

There was no further legal action until January 1986, when Wachsberger filed the complaint that is the subject of this appeal. Wachsberger's complaint sought to vacate the default judgment, to enjoin enforcement of the default judgment, and to collect damages based upon an unspecified fraud.

The Peppers and Tenev asserted that the complaint failed to state a claim upon which relief may be granted. Additionally the Peppers and Tenev claimed that Wachsberger was guilty of laches and excessive delay in bringing her action. In February 1989 the Peppers and Tenev filed a motion to dismiss based upon Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Wachsberger, admitting that her complaint insufficiently pleaded the allegation of fraud, filed a motion to amend her complaint. The amended complaint attempted to specify further the fraud alleged in the original complaint in addition to making new allegations concerning Wachsberger's failure to answer the Peppers' and Tenev's prior complaint. The trial justice denied Wachsberger's motion to amend and granted the Peppers' and Tenev's motion to dismiss.

On appeal Wachsberger argues that the trial justice improperly denied her motion to amend her complaint.[1] Wachsberger relies, in part, on Rule 15(a), which states in relevant part:

"Amended and supplemental pleadings. —(a) *Amendments.* A party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty (20) days after it is served. Otherwise a party may amend his or her pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Although we have stated that leave to amend a pleading lies within the sound discretion of the trial justice, *Babbs v. John Hancock Mutual Life Insurance Co.*, 507 A.2d 1347, 1349 (R.I.1986) and *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 540, 324 A.2d 671, 677 (1974), we have consistently held that Rule 15(a) liberally permits amendment absent a showing of extreme prejudice. *Inleasing Corp. v. Jessup*, 475 A.2d 989, 993 (R.I. 1984). Our liberal interpretation of Rule 15(a) encourages the allowance of amendments in order to facilitate the resolution of disputes on their merits rather than on blind adherence to procedural technicalities. *Id.* at 992. The burden rests on the party opposing the motion to show it would

---

**1.** Wachsberger submits that our ruling on her appeal is dispositive of the trial justice's granting of the Peppers' and Tenev's motion to dismiss. We agree.

incur substantial prejudice if the motion to amend were granted. *Babbs*, 507 A.2d at 1349.

The Peppers and Tenev rely upon the trial justice's finding that Wachsberger's delay in filing her amended complaint would substantially prejudice them.[2] This prejudice is predicated upon Wachsberger's moving to amend her complaint more than three years after she instituted suit and only after the Peppers and Tenev filed their motion to dismiss.

We have stated before that mere delay is an insufficient reason to deny an amendment. *Inleasing Corp.*, 475 A.2d at 992. The trial justice must find that such delay creates substantial prejudice to the opposing party. Absent such a finding, our liberal interpretation of Rule 15(a) mandates that amendment be permitted. We have permitted amendments after a trial justice granted a motion to dismiss, *Local 850, International Association of Firefighters v. Pakey*, 107 R.I. 124, 265 A.2d 730 (1970), one day prior to the date upon which a case had been noticed or scheduled for trial, *Mikaelian v. Drug Abuse Unit*, 501 A.2d 721 (R.I.1985), and even at the completion of a trial, *Wilkinson v. Vesey*, 110 R.I. 606, 295 A.2d 676 (1972).

Aside from the trial justice's misplaced reliance on delay only, there was no evidence that suggested that the Peppers and Tenev would be prejudiced by allowing Wachsberger to amend her complaint. The trial had not commenced, there was no allegation that witnesses were lost, and the Peppers and Tenev could not have been surprised by Wachsberger's further specification of fraud since it was alleged in her original complaint. The Peppers and Tenev failed to carry their burden to show they would be substantially prejudiced under our decided cases; therefore, we believe the motion to amend should have been allowed.

For these reasons the plaintiff's appeal is sustained, the judgment appealed from is vacated, and the papers of the case are remanded to the Superior Court for further proceedings.

---

**2.** In ruling upon the motion to amend, the trial justice also found that the additional allegations in the amended complaint were unsubstantiated in the record. We maintain that the only question properly before the trial justice was the motion to amend and that the sufficiency of the amended complaint was to be determined later if questioned.