[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the plaintiffs' motion to file a first amended complaint pursuant to Rule 15(a) of the Rhode Island Superior Court Rules of Civil Procedure. The defendants have filed a timely objection to the motion.
The original complaint sets forth two counts. Count I is for the injuries and pain and suffering sustained by Deborah J. Allard as a result of an automobile collision with a car driven by Michael F. Marchitto and owned by Jean M. Marchitto. Count II is a claim for the loss of consortium, society, and companionship suffered by Deborah's husband, Marc L. Allard, resulting from the same collision. The first amended complaint, the subject of this motion, includes the same two counts but adds a Count III for the wrongful death of a viable female fetus of 22 weeks gestational age which also resulted from the same accident and is being brought under the Rhode Island Wrongful Death Statute.
The defendants object to the first amended complaint on the grounds that the new count, Count III, sets forth an entirely new cause of action for wrongful death of a fetus which is not related to the plaintiff's original complaint for personal injuries to herself. The defendants further argue that the statute of limitations on the wrongful death claim has expired and that they would be substantially prejudiced due to the time constraints imposed by an August 20, 1991 arbitration hearing.
It is well-settled rule in Rhode Island that proposed amendments to pleadings should be allowed liberally. Sup. Ct. R.C.P. Rule 15; Inleasing Corp. v. Jessup, 475 A.2d 989 (R.I. 1984); Kenney v. Providence Gas Co., 372 A.2d 510 (R.I. 1977). The burden is on the party opposing the motion to show a compelling reason warranting dismissal of the motion, such as substantial prejudice. Babbs v. John Hancock Mutual LifeInsurance Co., 507 A.2d 1347 (R.I. 1986); Inleasing Corp.,475 A.2d 989 (R.I. 1984). The granting or denial of a motion to amend the pleadings is a matter within the sound discretion of the trial justice. Babbs, 507 A.2d at 1349. Inleasing Corp., 4/5 A.2d at 992 (citing Ricard v. John Hancock Mutual Life InsuranceCo., 324 A.2d 671, 677 (R.I. 1974)).
Defendants here argue that Count III is barred by the statute of limitations. Any amendments arising out of the conduct or occurrence alleged in the original pleading relate back to the date of the original pleading. R.I. Sup. Ct. R.C.P. Rule 15(c). This court finds that Count III of the first amended complaint does arise from the claim for injuries of the plaintiff. Therefore, Count III would relate back to the original complaint and would not be barred by the statute of limitations.
The defendants other objections can be summarized as a claim that they are being substantially prejudiced. The defendants' concern that pending arbitration puts them at a disadvantage is well-placed and remediable. Defendants may have 3 months within which to prepare. The Motion to Amend is granted.
For the reasons hereinabove set out, plaintiffs' motion to amend the complaint is hereby granted.