**Alvaro MEDEIROS**

v.

**Arlette CORNWALL.**

No. 2006–32–Appeal.

Supreme Court of Rhode Island.

Dec. 11, 2006.

Donald R. Lembo, Esq., North Providence, for Plaintiff.

Heath S. Comley, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

**OPINION**

Justice FLAHERTY, for the Court.

The plaintiff, Alvaro Medeiros (plaintiff), appeals from the Superior Court's grant of summary judgment for the defendant, Arlette Cornwall (defendant or Cornwall), and from the denial of the plaintiff's motion to amend his original complaint. This case came before the Supreme Court for oral argument on November 8, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth in this opinion, we reverse the judgment of the Superior Court.

**Facts and Procedural History**

Sarah F. Medeiros (Ms. Medeiros) is the stepmother of plaintiff and the natural mother of both defendant and Alicia Medeiros. In March 1994, Ms. Medeiros, then recently widowed, conveyed property in Swansea, Massachusetts, of which she was owner in fee simple, to herself for life with a remainder interest to her children—plaintiff, defendant, and Alicia Medeiros—as tenants in common. Notably, although Ms. Medeiros' interest in the

property is denominated as a life estate, she also retained the full "power to sell, convey or otherwise encumber" the property during her lifetime. Title to the property remained in this posture for approximately ten years.

At some point, however, Ms. Medeiros' health began to deteriorate and she decided that it would be in her best interest to sell the Swansea property and use the proceeds for her own care. In October 2004, she conveyed the property by quitclaim deed to Thomas and Elvira Kirk for approximately $275,000.[1] Although the proceeds from the sale originally were deposited into an account bearing the names of Ms. Medeiros, plaintiff, and defendant, they subsequently were withdrawn from that account and deposited into an account bearing only the name of defendant.

Maintaining that the three children had an equal interest in the proceeds from the sale, plaintiff expressed concern about the money being held in an account bearing only defendant's name. In response, defendant added Alicia Medeiros' name to the account as a joint tenant with the right of survivorship, but she did not add plaintiff's name.[2] Predictably, plaintiff's concerns were left unsatisfied by this maneuver.

In March 2005, plaintiff brought suit against defendant. In his complaint, plaintiff alleged that, by virtue of the future interest vested in him in the 1994 deed, he was entitled to one-third of the proceeds from the sale of the Swansea property. He further alleged that the defendant was attempting to deprive him of that entitlement by not placing his name on the account holding those funds and/or not re-leasing his one-third interest to him. The defendant answered the complaint, and subsequently moved for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure, arguing that plaintiff's complaint was facially deficient because any rights that he may have had to the property under the 1994 deed were abrogated by the 2004 conveyance. Before the hearing on defendant's motion for judgment on the pleadings, however, plaintiff moved to amend his complaint under Rule 15(a) of the Superior Court Rules of Civil Procedure. In his proposed amended complaint, plaintiff sought to add Alicia Medeiros and Heather Tomasiello as defendants, and he further averred (1) that defendant forged the signature of Ms. Medeiros on the 2004 quitclaim deed to the Kirks; (2) that Heather Tomasiello, a notary public, fraudulently witnessed that signature; and (3) that there was an oral agreement between Ms. Medeiros, plaintiff, defendant, and Alicia Medeiros in which it was promised that any proceeds from the sale of the Swansea property would be split evenly among the three children. This oral agreement, he claimed, was breached by defendant and Alicia Medeiros. The plaintiff prayed for relief in the form of compensatory and punitive damages on the fraud claim, and compensatory damages on the breach of the oral agreement claim. He also included a count for a declaratory judgment and asked that the court declare the 2004 deed to the Kirks a "nullity." A hearing on defendant's motion for judgment on the pleadings and plaintiff's motion to amend was scheduled for September 12, 2005.

At the September 12 hearing, the motion justice addressed the motion for judg-

---

1. The deed to the Kirks was signed not only by Ms. Medeiros, but by the future interest holders as well—i.e., plaintiff, defendant, and Alicia Medeiros.

2. The defendant has since moved the funds to an account jointly held by Ms. Medeiros and defendant.

ment on the pleadings first. The defendant argued that under Massachusetts law,[3] when an instrument creating a life estate gives the life tenant the power to sell or convey the subject property, the life tenant's subsequent conveyance of the property extinguishes the rights of any future interest holders in that property. Therefore, the defendant contended, Ms. Medeiros' 2004 conveyance of the property to the Kirks extinguished any rights plaintiff may have had as a remainderman either to the property or to the proceeds from the sale of the property. The motion justice agreed with the defendant that, under Massachusetts law, plaintiff's original complaint did not state a claim upon which relief could be granted because plaintiff's interest in the property was eradicated by the 2004 sale. However, because the judge considered matters outside the pleadings in reaching this conclusion, she declined to grant the motion for judgment on the pleadings. Instead, pursuant to Rule 12(c), the motion justice treated the motion as one for summary judgment and she granted it in favor of defendant. Significantly, the motion justice then ruled that the granting of summary judgment rendered the motion to amend moot. The plaintiff timely appealed.

On appeal, plaintiff argues that the motion justice committed error when she granted defendant's motion to dismiss under Rule 12(c)[4] and that she also erred when she denied his motion to amend his complaint under Rule 15(a).

### Analysis

In our opinion, the critical issue in this case is whether the motion justice should have considered plaintiff's motion to amend his complaint before she granted summary judgment for defendant. We conclude that the motion justice erred when she did not do so.

■ Rule 15(a) governs amendments to pleadings in the Superior Court and provides that once a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" (Emphasis added.) "[T]his court has consistently held that trial justices should liberally allow amendments to the pleadings," *Serra v. Ford Motor Credit Co.,* 463 A.2d 142, 150 (R.I.1983) (citing *Kenney v. Providence Gas Co.,* 118 R.I. 134, 140, 372 A.2d 510, 513 (1977); *Ricard v. John Hancock Mutual Life Insurance Co.,* 113 R.I. 528, 540, 324 A.2d 671, 677 (1974); *Wilkinson v. Vesey,* 110 R.I. 606, 633–34, 295 A.2d 676, 692 (1972)); for, "[t]he true spirit of the rule is exemplified in the words ' * * * and leave shall be freely given when justice so requires.'" *Ricard,* 113 R.I. at 540, 324 A.2d at 677.

Indeed, in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the

---

3. The defendant argued that because the property is in Massachusetts, that state's law would control the interpretation of the deed. This assertion has not been disputed by plaintiff on appeal.

4. The plaintiff is not correct in his assertion that the motion justice granted defendant's motion under Rule 12(c) of the Superior Court Rules of Civil Procedure. Because she considered matters outside the pleadings, the motion justice properly converted the motion

to one of summary judgment before she granted it in favor of defendant. Rule 12(c) says, "[i]f on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *." Thus, this case comes to us on appeal from a grant of summary judgment and not from a grant of a motion to dismiss under Rule 12(c).

United States Supreme Court interpreted this identical language in Rule 15(a) of the Federal Rules of Civil Procedure and said:

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

■ It is true that "the decision about whether to permit a party to amend his or her pleading is one that is left exclusively to the sound discretion of the trial justice and * * * we shall not disturb that decision unless it constitutes an abuse of discretion." *Catucci v. Pacheco,* 866 A.2d 509, 513 (R.I.2005) (quoting *Normandin v. Levine,* 621 A.2d 713, 715 (R.I.1993)). However, in this case, the trial justice did not exercise any discretion with regard to the merits of the motion to amend. Rather, she considered the motion "moot" because the grant of summary judgment left no complaint to amend. We hold that the motion justice erred by not hearing the motion to amend before she ruled on the motion for judgment on the pleadings.

In *Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952 (8th Cir.2002), the Eighth Circuit decided a case with facts almost identical to the case at bar. In that case, Sigma Chi moved to dismiss Pure Country's complaint and then, while that motion still was pending, Pure Country moved to amend its complaint. The District Court granted the motion to dismiss, and held that the motion to amend thereby was rendered moot. The court of appeals disagreed and held that, "[t]hat approach, as a procedural matter, was plainly erroneous," *id.* at 956, and stated that, "[i]f anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint." *Id.*

We agree with the reasoning of the Eighth Circuit. Here, plaintiff's motion to amend called for a discretionary examination by the motion justice of the merits of the proposed amended complaint before she entertained the motion to dismiss the original complaint. Procedurally, by considering the motion to amend moot because she had granted summary judgment, the motion justice effectively put the cart before the horse. Indeed, assuming plaintiff's amended complaint states a cognizable claim for fraud or breach of an oral agreement, plaintiff's motion to amend may have rendered defendant's motion to dismiss on the pleadings moot. The motion to dismiss was based solely on the interpretation of the deed and not on the validity of the execution of the deed or whether there was an enforceable oral agreement—issues not raised in the original complaint.

Therefore, we respectfully disagree with the motion justice and reverse the judgment of the Superior Court. We remand this case to the Superior Court for a hear-

ing on the plaintiff's original motion to amend his complaint under the discretionary standards set forth in Rule 15. (This, of course, would include other properly noticed amendments proposed by the plaintiff before the motion is heard in Superior Court.) We also vacate the Superior Court's grant of summary judgment for the defendant so that the motion to amend may be reconsidered.

## Conclusion

For these reasons, we reverse the judgment of the Superior Court and remand the papers in this case thereto for further proceedings consistent with this opinion.