DECISION
The Defendant, Kent County Memorial Hospital ("Kent"), moves for leave to amend its answer to add additional affirmative defenses. The Plaintiffs, Stephanie M. O'Brien and Michael O'Brien, individually and as next friend of Brendan O'Brien, a minor, ("Plaintiffs"), object to Kent's motion. For the reasons stated below, this Court denies Kent's Motion to Amend.
 I Facts and Travel
This case stems from the birth of Plaintiffs' son, Brendan O'Brien. Brendan was born prematurely on November 28, 2002, at Kent County Memorial Hospital and suffers from brain damage, cerebral palsy, and spastic diplegia. Plaintiffs filed suit on October 27, 2005, alleging negligence on the part of Dr. Aaron R. Sherman ("Dr. Sherman") in the treatment of Plaintiff *Page 2 
Stephanie O'Brien and in the delivery and treatment of her son Brendan at Kent. In the same suit, Plaintiffs also brought a negligence claim against Kent for the care and treatment of Plaintiffs Stephanie and Brendan O'Brien, as well as a negligent credentialing claim against Kent, alleging that Kent was negligent in granting and renewing Dr. Sherman's privileges at the hospital.
Kent now seeks leave to amend its answer to assert what it alleges are two additional affirmative defenses that it claims would provide statutory immunity against Plaintiffs' negligent credentialing claim. In particular, Kent seeks to amend its answer to include what it considers affirmative defenses under G.L. 1956 § 5-37.3-7(f) and § 23-17-23(b).
Plaintiffs object to Kent's Motion to Amend on the basis of futility. Specifically, Plaintiffs claim that Kent's interpretation of the statutes is out of context and that read in their entirety, the statutes do not provide the statutory immunity Kent seeks in amending its answer. Plaintiffs also assert that our Supreme Court already has established the standards for claims against hospitals related to the credentialing of medical staff, and to allow Kent to amend its answer to include the proposed statutory defenses and accept its interpretation would alter the standard from mere negligence to malice.
Kent counters that Rhode Island courts have yet to rule on the extent of the proposed statutory defenses, and mere silence on the issue does not equate to futility. Kent further argues that allowing it to amend its answer to include affirmative defenses to the negligent credentialing claims under §§ 5-37.3-7(f) and 23-17-23(b) does not declare automatic immunity to any and all negligent credentialing claims. Finally, Kent alleges that if this Court were to analyze the legal sufficiency of the proposed defenses, it would conclude that such defenses are available to Kent and applicable to this case. *Page 3 
 II Standard of Review
Rule 15(a) of the Superior Court Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Our Supreme Court has consistently held that trial justices should liberally allow amendments to the pleadings, because "[t]he true spirit of the rule is exemplified in the words `. . . and leave shall be freely given when justice so requires.'" Medeiros v. Cornwall, 911 A.2d 251, 253 (R.I. 2006) (quotingRicard v. John Hancock Mutual Life Insurance Co., 113 R.I. 528, 540,324 A.2d 671, 677 (1974)). Our Supreme Court has noted that the United States Supreme Court has interpreted the identical language of Rule15(a) of the Federal Rules of Civil Procedure in stating that
 "Rule 15(a) declares that leave to amend shall be `freely given when justice so requires': this mandate is to be heeded. . . . In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave should, as the rules require, be `freely given.'" Id. at 254 (quoting Foman v. Davis, 371 U.S. 178, (1962)).
Thus, the decision to allow an amendment to a pleading "is left exclusively to the sound discretion of the trial justice" and will not be disturbed absent "an abuse of discretion." Medeiros, 911 A.2d at 254.
Further, Rule 15(a) of the Superior Court Rules of Civil Procedure liberally allows amendment to the pleadings absent a showing of extreme prejudice. Granoff Realty II, Ltd. P'Ship v. Rossi, 823 A.2d 296, 298
(R.I. 2003) (citing Wachsberger v. Pepper, 583 A.2d 77, 78 (R.I. 1990)). "The question of prejudice to the party opposing the amendment is central to the investigation into whether an amendment should be granted." Faeber v. Cavanaugh, *Page 4 568 A.2d 326, 329 (R.I. 1990). Our Supreme Court has held that motions to amend an answer are properly denied for undue prejudice when such motions are filed shortly before trial. See Granoff Realty, 823 A.2d at 296 (hearing justice properly denied defendant's motion to amend answer to add affirmative defense one week before trial was set to begin, because it would have been unduly prejudicial to plaintiff); Conn. Valley Homes ofE. Lyme, Inc., v. Bardsley, 867 A.2d 788 (R.I. 2005) (trial justice properly denied defendant's motion to amend answer to add compulsory counterclaim less than one hour before trial because there was no opportunity for plaintiff to prepare). The party opposing the motion to amend bears the burden of showing that it would incur substantial prejudice if the motion to amend were granted. Granoff Realty,823 A.2d at 298 (citing Wachsberger, 583 A.2d at 78-79).
 III Analysis Futility of the Proposed Amendments
A motion to amend the pleadings may be granted absent a showing that such amendment would be futile. See Ricard v. John Hancock,324 A.2d 671, 677 (R.I. 1974). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Charles A. Wright, et al.,Federal Practice Procedure, § 1487 at 102 (2008). Our Supreme Court has noted that "amendments to an answer may properly be denied when the amendment would assert a defense that is not available to a defendant."City of Warwick v. Boeng Corp., 472 A.2d 1214, 1218 (R.I. 1984). In reviewing for futility, the U.S. Ct. of App. for the First Circuit has noted that the futility standard mirrors the Rule 12(b)(6) standard of legal sufficiency. Glassman v. Computervision Corp., 90 F.3d 617, 623, (1st Cir. 1996). *Page 5 
In this case, Plaintiffs claim that Kent's motion to amend its answer to add additional affirmative defenses is futile because neither statute affords Kent protection from the Plaintiffs' claims as a matter of law. Plaintiffs also allege that allowing Kent to amend these defenses to its answer runs contrary to the holding of our Supreme Court in Pastore v.Samson, 900 A.2d 1067 (R.I. 2006). The Pastore Court reviewed a trial justice's grant of a motion to compel discovery related to the credentialing of defendant-physicians. Id. at 1071. The defendant-hospital contended that production of these documents overrode peer review privileges found in G.L. 1956 §§ 23-17-25(a) and 5-37.3-79(d). Id. Our Supreme Court held, in part, that an action for corporate negligence against a hospital based on a claim that the hospital negligently credentialed a physician did not abolish the peer-review privilege. Id. at 1083. Therefore, Plaintiffs assert that the Pastore decision previously set forth the applicable standards for negligent credentialing claims against hospitals.
The Pastore decision dealt with statutory protection of peer-review board documents from discovery. Additionally, Pastore examined different subsections of the statutes than the subsections addressed in this case.[1] Accordingly, the Pastore, decision is not determinative of whether Kent's proposed amendments are available as defenses to the negligent credentialing claims raised in the within matter.
The first affirmative defense Kent proposes to add to its answer is based on § 5-37.3-7(f). Chapter 37.3 of title 5 is entitled "The Confidentiality of Health Care Communications and Information Act." The purpose of the Act, as set forth in § 5-37.3-2, is "to establish safeguards for maintaining the integrity of confidential health care information that relates to an individual." Kent bases its proposed additional affirmative defense on Section 7, subsection (f), which states: *Page 6 
 "No member of a medical peer review board, nor the legal entity which formed or within which that board operates nor any person providing information to that board, shall be criminally or civilly liable for the performance of any duty, function, or activity of that board or based upon providing information to that board, provided this action is without malice and is based upon a reasonable belief that the action is warranted."
Our Supreme Court has stated that it is a "fundamental maxim of statutory construction that statutory language should not be viewed in isolation." In re Brown, 903 A.2d 147, 149 (R.I. 2006). When performing the duty of statutory interpretation, our Supreme Court has stated that the court must consider the statute as a whole and "`individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" Id. (quotingSorenson v. Colibri Corp., 650 A.2d 125, 128 (R.I. 1994)). In examining statutory provisions in their entirety, our Supreme Court has noted that the court should "`attribut[e] to the act the meaning most consistent with the policies and purposes of the Legislature.'" R R Associates v.City of Providence Water Supply Bd., 765 A.2d 432, 436 (quotingCommercial Union Insurance Co. v. Pelchat, 727 A.2d 676, 681 (R.I. 1999)).
Reading § 5-37.3-7(f) in the context of the entire Act, it is clear that the immunity provided by the statute applies to the disclosure of an individual's healthcare information within the setting of a peer-review board without the individual's consent to discuss such information. Contrary to Kent's suggestion, the statute does not at all provide any immunity to a hospital against a negligent credentialing claim brought by a patient, and to interpret it as providing such would be absurd. Accordingly, allowing Kent to amend its answer to assert the section as an affirmative defense would constitute a futile act because such a defense could not survive a Rule 12(b)(6) Motion to Dismiss in this matter. The statutory section is clearly not available to Kent *Page 7 
as a defense to the within Plaintiffs' negligent credentialing claim. Pursuant to Boeng, the Court denies the amendment on the basis of the doctrine of futility.
The second affirmative defense Kent proposes to amend to its answer is based on § 23-17-23(b). Chapter 17 of title 23 is entitled "Health Care Licensing Facility Act of Rhode Island." The purpose of the Act, as set forth in § 23-17-23, is
 "to provide for the development, establishment, and enforcement of standards: (1) For the care and treatment of individuals in health care facilities; (2) For the maintenance and operation of health care facilities which in the light of advancing knowledge, will promote appropriate access and safe and adequate treatment for individuals receiving health care facility services; and (3) For the encouragement of quality improvement in all aspects of the operations of health care facilities."
Kent's proposed affirmative defense is based on Section 23, subsection (b), which states:
 "There shall be no liability on the part of and no cause of action of any nature shall arise against any hospital, hospital board of trustees, or any hospital medical staff committee, where instituted by hospital by-laws, for any action taken in good faith in carrying out the provisions of this chapter."
Section 23-17-23(a) provides that the board of trustees of a hospital is authorized to suspend, deny, revoke, or curtail the privileges of any staff member for good cause for unprofessional conduct. Reading the statute in its entirety, as required by the principles of statutory construction, the statute clearly provides hospitals immunity from suits based on the suspension, denial, or revocation of hospital privileges. Once again, this statute, read in its entirety, does not provide Kent with a defense or immunity against a negligent credentialing claim. Accordingly, this Court must also deny Kent's Motion to Amend to add this statutory section as an affirmative defense.
Finally, because the Court is denying the Motion to Amend, the issue of undue prejudice becomes moot. *Page 8 
 IV Conclusion
While the Court is mindful that under Super. R. Civ. P. 15(a) amendments are liberally permitted, this Court denies Kent's Motion to Amend pursuant to the doctrine of futility. The additional affirmative defenses proffered by Kent are not available to a defendant opposing a negligent credentialing claim.
Counsel shall submit the appropriate order for entry.
[1] Defendant-hospital in Pastore relied on G.L. 1956 §§ 23-17-25(a) and 5-37.3-7(c) as the basis for the "peer-review" privilege; whereas, in this case, Kent relies on §§ 23-17-25(b) and 5-37.3-7(f).