**Supreme Court**

No. 2011-379-Appeal.
(KC 10-368)

Kimberly Lomastro            :

v.                   :

Margaret Iacovelli et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Kimberly Lomastro             :

v.                            :

Margaret Iacovelli et al.     :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  The plaintiff, Kimberly Lomastro, appeals from a decision of the Superior Court that granted the defendants' motion for summary judgment.  She argues that the trial justice erred when he denied her motion to amend her complaint.  This case came before the Supreme Court for oral argument on October 31, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

**I**

**Facts and Travel**

Lomastro was employed as a bus driver for Durham School Services (Durham), a bus company that contracted to provide transportation for the Town of Johnston School Department (school department).  On January 18, 2008, while she was driving a bus that was full of

elementary-school children, plaintiff reported over the radio that someone had shot at her bus and that panic had spread among the children. After an investigation was completed, the school department found itself displeased with the manner in which plaintiff had handled the situation. The school department concluded that plaintiff had no basis for broadcasting that the bus had been struck by gunfire, that her actions caused a panic on her bus and to occupants of other busses listening in on the radio, that she had demonstrated that she was unable to keep control of the children, and that she had failed to maintain radio contact after making her initial report.

Based on these findings and citing a specific provision in its contract with Durham,[1] the school department sent a letter requesting that plaintiff no longer be assigned to transport Johnston students.[2] Eventually, plaintiff left her employment with Durham[3] and, as a result, plaintiff filed suit for wrongful termination against Margaret Iacovelli, the then-superintendent of Johnston public schools, and David Cournoyer, the director of facilities and transportation for Johnston public schools (collectively defendants). The complaint alleged that defendants wrongfully had requested that plaintiff be terminated from her employment at Durham and it asked that judgment be entered against them.

In due course, and after some discovery had been conducted, defendants filed a motion for summary judgment in the Superior Court, and a hearing was held on August 22, 2011. At the hearing, counsel conceded that plaintiff had been an employee of Durham, and not the Town of Johnston. He argued, however, that Johnston was plaintiff's "de facto employer" and that

---

[1] This section of the contract, entitled "Driver Withdrawal," says: "It is understood that the Superintendent of Schools or designee reserves the right to withdraw, with or without cause, at any time, their approval of any driver. The contractor will immediately upon receipt thereof replace the driver."

[2] Durham also issued plaintiff a warning for carelessness in communicating over the radio that her bus was shot at and for not using her cell phone to contact Durham.

[3] The record is unclear about whether plaintiff left her employment with Durham voluntarily or not and this is a disputed issue among the parties.

summary judgment should not be granted in defendants' favor. The trial justice did not agree; he ruled that because there was no employer-employee relationship between plaintiff and the Town of Johnston, no viable claim existed for wrongful termination against the municipality, and he granted the town's motion for summary judgment.

During the course of the hearing, however, the trial justice suggested that a claim of tortious interference with a contractual relationship may have been a more appropriate cause of action than the wrongful-termination claim that plaintiff actually filed. Heeding the trial justice's remarks, counsel made an oral motion for leave to amend the complaint to include a claim of tortious interference, to which defendants objected. The trial justice sustained the objection, however, concluding that it would be unfair to defendants if he allowed plaintiff to amend her complaint and mold a claim around his comments. The plaintiff timely appealed. Before this Court, plaintiff argues that the hearing justice wrongfully granted summary judgment against her and that he further erred when he denied her motion to amend her complaint.

**II**

**Standard of Review**

"This Court reviews a trial justice's decision to grant summary judgment on a de novo basis." Credit Union Central Falls v. Groff, 966 A.2d 1262, 1267 (R.I. 2009). "We will affirm such a decision only if 'after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Lucier v. Impact Recreation, Ltd., 864 A.2d 635, 638 (R.I. 2005). Moreover, the party opposing "a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of

fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." United Lending Corp. v. City of Providence, 827 A.2d 626, 631 (R.I. 2003) (quoting Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996)).

Additionally, "the decision to grant or to deny a motion to amend a complaint is confided to the sound discretion of the [trial] justice." Harodite Industries, Inc. v. Warren Electric Corp., 24 A.3d 514, 529 (R.I. 2011). "Accordingly, we afford 'great deference to the trial justice's ruling on a motion to amend,'" and we "will not disturb [that] ruling unless the [trial] justice committed an abuse of discretion." Id. (quoting Catucci v. Pacheco, 866 A.2d 509, 513 (R.I. 2005) and Barrette v. Yakavonis, 966 A.2d 1231, 1236 (R.I. 2009)).

### III

### Discussion

The plaintiff argues that the trial justice erred because he declined to grant her leave to amend her complaint. Rule 15(a) of the Superior Court Rules of Civil Procedure provides that after a responsive pleading is served, a party may amend a "pleading only by leave of court or by written consent of the adverse party."[4] However, the rule, and our consistent case law, make it clear that "leave shall be freely given when justice so requires." Id.; see, e.g., Medeiros v. Cornwall, 911 A.2d 251, 253 (R.I. 2006). Furthermore, we have "consistently held that trial justices should liberally allow amendments to the pleadings." Medeiros, 911 A.2d at 253 (quoting Serra v. Ford Motor Credit Co., 463 A.2d 142, 150 (R.I. 1983)). See also Ricard v. John Hancock Mutual Life Insurance Co., 113 R.I. 528, 540, 324 A.2d 671, 677 (1974) ("The true

---

[4] Rule 15(a) of the Superior Court Rules of Civil Procedure allows a party to amend a pleading without leave of court once "before a responsive pleading is served," or "at any time within 20 days after" being served "if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar." However, because this case does not involve either of these situations, leave of court was required before plaintiff could amend her complaint.

spirit of the rule is exemplified in the words '* * * and leave shall be freely given when justice so requires.'").

We previously have cited with approval the United States Supreme Court's interpretation of Rule 15(a) of the Federal Rules of Civil Procedure, which contains language that parallels that of our state rule.[5]  Medeiros, 911 A.2d at 253-54; see also Foman v. Davis, 371 U.S. 178, 182 (1962).  In Foman, 371 U.S. at 182, the Court said:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

In this case, the trial justice only briefly gave his reasoning for denying plaintiff's motion saying: "I think it is unfair to [defendants][] for me to allow [plaintiff] an opportunity to now consider my comments and file a pleading around" them.  In our opinion, this reasoning, in and of itself, is insufficient for denying a motion to amend.  In Foman, 371 U.S. at 182, the reasoning of which has been embraced by this Court, the United States Supreme Court delineated reasons that might justify the denial of a motion to amend.  See Medeiros, 911 A.2d at 253-54.  Although

---

[5] Rule 15(a)(2) of the Federal Rules of Civil Procedure says: "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

that list is not exhaustive, and other grounds may exist, the trial justice's reason for denying the motion in this case simply was inadequate absent some additional showing of undue delay, prejudice, bad faith, futility of the amendment or some other compelling reason. See id.

This Court held on several occasions that "amendments to pleadings are to be allowed with great liberality absent a showing of extreme prejudice" and the burden of demonstrating such prejudice lies on the party opposing the motion to amend. Kuczer v. City of Woonsocket, 472 A.2d 300, 301 (R.I. 1984); see also Wachsberger v. Pepper, 583 A.2d 77, 78-79 (R.I. 1990) (citing Babbs v. John Hancock Mutual Life Insurance Co., 507 A.2d 1347, 1349 (R.I. 1986)). In this case, counsel for defendants argued that plaintiff's motion was too "late in the game," and that it should therefore be denied. However, to deny a motion to amend because of delay, "[t]he trial justice must find that such delay creates substantial prejudice to the opposing party."[6] Wachsberger, 583 A.2d at 79. Absent such a finding, the denial cannot be upheld. Id.

In this case, the parties were not provided with a sufficient opportunity to brief and/or argue whether the motion should be granted or denied and the trial justice made no specific findings. In our opinion, denying the plaintiff's motion without such findings constituted an abuse of discretion.

---

[6] We note that this Court has allowed amendments to pleadings at very late stages of litigation when the opposing party had not demonstrated substantial prejudice. See, e.g., Wachsberger v. Pepper, 583 A.2d 77, 79 (R.I. 1990) (holding that delay of over three years without a showing of prejudice was insufficient to deny motion to amend); Mikaelian v. Drug Abuse Unit, 501 A.2d 721, 722-23 (R.I. 1985) (holding that it was not error to grant motion to amend four years after the suit commenced and one day before the case was scheduled for trial).

## IV

## Conclusion

For the reasons set forth in this opinion, we vacate the grant of summary judgment and remand the case to the Superior Court for a hearing on the plaintiff's motion to amend and the defendant's objection thereto.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       Kimberly Lomastro v. Margaret Iacovelli et al.

**CASE NO:**               No. 2011-379-Appeal.
(KC 10-368)

**COURT:**                  Supreme Court

**DATE OPINION FILED:**  December 6, 2012

**JUSTICES:**               Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**           Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Thomas M. Petronio, Esq.

For Defendants:  Brian J. Clifford, Esq.