SAMUEL T. RUSSELL *v.* TIMOTHY BUCKLEY.

Proof that a letter has been mailed, properly directed to a person at the place of her residence, is presumptive proof that the letter has been received by such person.

ASSUMPSIT brought to recover the sum of $32.50 for board furnished by the plaintiff to the defendant between the 15th day of November, 1852, and the 23d day of February, 1853, at the price of $2.50 per week.

At the trial, before Sherman, J., at the May term, 1857, of the court of common pleas for the county of Newport, under the general issue, the plaintiff testified that he kept a boarding-house at Half Moon Place, in the city of Boston ; that the defendant came to board with him on the 15th day of November, 1852, but how long he boarded with him he could not tell, as he was absent from home ; that his wife managed his house and received payment from the boarders in his absence ; and that the defendant had not paid *him* for his board. He also called one Thomas Nicholson, who swore, that he had a conversation with the defendant more than a year ago, all of which he could not recollect, but as he understood it, the defendant said, that if the plaintiff had come to him civilly he would have given him something ; but since he had dragged him up, he would not pay him any thing.

The plaintiff having rested his case upon this testimony, the defendant offered himself as a witness, and swore, that he boarded with the plaintiff from two and a half to three months ; that no price was agreed upon for the board, but he understood that the price was to be, as charged by the plaintiff, $2.50 per week ; that he went to New Hampshire, and at two different times, to wit, on the 14th day of April, and on the 27th day of June, 1853, mailed a letter in the post-office at Concord, N. H., directed to the plaintiff's wife, enclosing to her fourteen dollars in each letter, and that twenty-eight dollars was, the amount of the plaintiff's original debt, as he then thought and believed.

Upon this state of the testimony, the defendant contended and asked the court to instruct the jury, that in the absence of any proof to the contrary, they might legally infer the receipt by the plaintiff's wife of the twenty-eight dollars contained in the letters mailed in the manner, and directed as testified, by the defendant.

The court, however, refused to instruct the jury as above requested, but directed them, that in the absence of all proof of authority from the plaintiff or his wife to forward the money by mail, as testified by the defendant, the forwarding of the money in that manner could not be considered as payment ; and that

the receipt of the letters and money could not be inferred by the jury from the mere mailing of them, but must be proved by the defendant.

The jury having returned a verdict for the plaintiff for the whole amount of his account, the defendant excepted to the above refusal and charge.

*Sheffield*, for the defendant.

*Wm. H. Cranston*, for the plaintiff.

Ames, C. J. There must be a new trial in this case on the ground of misdirection to the jury. It is true, that if a miscarriage of the letters enclosing money, sworn to have been mailed by the defendant, had been proved, in the absence of proof of authority from the plaintiff or his wife thus to remit to them, the loss by the miscarriage must have fallen upon the defendant. In the posture of the case, however, exhibited by the bill of exceptions, the defendant was entitled to the direction in substance requested by him ;—that if the jury believed from the testimony that the defendant had mailed letters enclosing money, as he swore, they were authorized, in the absence of proof to the contrary, to presume that they were received by the plaintiff's wife. Such a presumption is in accordance with and is founded upon common experience, and is therefore known to the law as a presumption from the ordinary course of business. Farther proof of the receipt of a letter than what is derived from proof of the proper direction and mailing of it would be wholly unnecessary, always difficult, and often impossible.

New trial granted, to be had at the next term of the court of common pleas for the county of Newport.